IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MIKE BALLARD and
CYNTHIA BALLARD,

        **Plaintiffs,**

v.

FARMERS INSURANCE COMPANY,
INC., FARMERS INSURANCE
EXCHANGE, and PAUL ORR,

        **Defendants.**

Case No. 25-CV-323-JFH-CDL

## OPINION AND ORDER

Before the Court is a Motion to Remand and Brief in Support ("Motion to Remand") filed by Plaintiffs Mike Ballard and Cynthia Ballard ("Plaintiffs"). Dkt. No. 21. Defendant Farmers Insurance Company, Inc. ("Defendant FICO") filed a response in opposition [Dkt. No. 26] and Plaintiffs filed a reply [Dkt. No. 27]. For the reasons set forth below, Plaintiffs' Motion to Remand [Dkt. No. 21] is GRANTED.

## BACKGROUND

Plaintiffs originally filed this breach of contract and bad faith insurance suit in Tulsa County District Court within the Oklahoma state courts. Dkt. No. 2-1. In their state court petition, Plaintiffs alleged that they are residents of Tulsa County, Oklahoma. *Id.* at 1. They further alleged that Defendant Farmers Insurance Exchange ("Defendant FIE") is an unincorporated association under the laws of the State of California and is made up of its policyholders who are citizens of numerous states, including Oklahoma, and that Defendant Paul Orr ("Defendant Orr") is a resident of the State of Oklahoma. *Id.* at 2. Finally, Plaintiffs alleged that Defendant FICO is a corporation incorporated under the laws of the State of Kansas. *Id.* Plaintiffs alleged that Defendant FIE is

the parent company of Defendant FICO and that Defendants FIE and FICO (the "Farmers Defendants") can be regarded as one for purposes of the claims. Dkt. No. 2-1 at 2.

In support of their breach of contract and bad faith claims, Plaintiffs alleged that on or about April 30, 2019, they purchased a home insurance policy from the Farmers Defendants through Defendant Orr, a Famers insurance agent. *Id*. at 3. When Defendant Orr entered the Plaintiffs' application for insurance on their behalf, he incorrectly listed the Plaintiffs' roof as being 11 years old. *Id*. On or about May 20, 2024, Plaintiffs' home and roof incurred damage as a result of a wind and hailstorm. *Id*. When reviewing his insurance policy for purposes of making a claim, Plaintiff Mike Ballard noticed that the policy incorrectly listed the roof as being 11 years old and so he contacted a different Farmers agent to correct the age of the roof on the insurance policy. Dkt. No. 2-1 at 3. Thereafter, Plaintiffs submitted a claim to the Farmers Defendants for damage to their home and roof as a result of the storm. *Id*. However, when the claim was adjusted, it was based on the wrong age of the roof as entered by Defendant Orr in the application, which resulted in a lower pay out to Plaintiffs than they would have otherwise received. *Id*.

Defendant FICO removed this action to this Court alleging fraudulent joinder of Defendants FIE and Orr. Dkt. No. 2 at 8. Specifically, Defendant FICO argues that Plaintiffs cannot establish a cause of action against Defendant FIE or Defendant Orr.

## AUTHORITY AND ANALYSIS

A lawsuit begun in state court may be removed to federal court if the requirements of diversity jurisdiction are met. 28 U.S.C. § 1441(b). Diversity jurisdiction requires the matter in controversy to exceed $75,000 and to involve citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

"[F]raudulent joinder is an exception to the complete diversity requirement when there is no cause of action stated against a resident defendant or when no cause of action exists." *Long v. Halliday*, 768 F. App'x 811, 813 (10th Cir. 2019).[1] "Fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Ervin v. Minnesota Life Ins. Co.*, Case No. 19-CV-393-RAW, 2020 WL 2521510, at *2 (E.D. Okla. 2020) (citation omitted). To prove fraudulent joinder, a removing defendant must establish either actual fraud in the pleading of jurisdictional facts or plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988. "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quotation omitted).

"The Tenth Circuit has never explained in a published opinion exactly what it meant in *Dutcher* when it said that the party alleging fraudulent joinder must show the 'inability of the plaintiff to establish a cause of action against the non-diverse party.'" *Mayes Cty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, Case No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *2 (N.D. Okla. Oct. 19, 2020). However, "[w]here the Tenth Circuit has upheld the denial of remand, undisputed evidence showed that recovery against the nondiverse defendant was impossible as a matter of law." *Id.* "Therefore, in the interests of clarity, and consistent with Tenth Circuit precedent," Oklahoma federal district courts require "that, in order to demonstrate 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court,' the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery

---

[1] Unpublished appellate opinions are not precedential but may be cited for persuasive value. *See* Fed. R. App. P. 32.1.

against the defendant." *Id.* *See also, e.g., S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022); *Floyd v. B.P. p.l.c.*, Case No. 21-CV-132-GKF-CDL, 2021 WL 6064037, at *2 (N.D. Okla. Dec. 22, 2021); *Crabb v. CSAA Gen. Ins. Co.*, Case No. CIV-21-0303-F, 2021 WL 3115393, at *2 (W.D. Okla. July 22, 2021); *Hicks v. FG Mins. LLC*, Case No. CIV-19-203-TDD, 2020 WL 2104928, at *2 (E.D. Okla. May 1, 2020). This "nonliability . . . must be 'established with complete certainty,'" which is a "more exacting [standard] than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Hicks*, 2020 WL 2104928 at *2 (quotation omitted); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). "And though the Court may pierce the pleadings, all factual and legal issues must still be resolved in favor of the Plaintiffs." *Sooner Holdings*, 2022 WL 17831395 at *2.

Plaintiffs used Defendant Orr as their agent when they procured insurance from the Farmers Defendants. Plaintiffs allege that they clearly communicated to Defendant Orr that they wanted a replacement cost homeowners' policy. Plaintiff Mike Ballard states that, when asked, he told Defendant Orr that he did not know the exact age of his roof but could obtain that information for Defendant Orr to include in the application. Plaintiffs allege that Defendant Orr told Plaintiff Mike Ballard that the age of the roof did not matter and listed the roof as 11 years

4

old on his own without Plaintiffs' knowledge or consent. Because the roof was listed as 11 years old, they could not obtain the replacement cost for their roof when Plaintiffs filed a claim after the May 2024 storm. For these reasons, Plaintiffs allege that Defendant Orr breached his duty to secure coverage for their needs.

Defendant FICO, on the other hand, argues that Defendant Orr listed the age of the roof as 11 years on the application because that is what Plaintiff Mike Ballard told him. Defendant FICO contends that this is supported by the application Plaintiff Mike Ballard signed acknowledging that the information contained therein was true and accurate and confirming that he had furnished the information used to submit the application. Plaintiff Mike Ballard argues that Defendant Orr did not provide him with an opportunity to review the application prior to signing.

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Johnson v. Shelter Mut. Ins. Co.*, No. 23-CV-351-RAW-GLJ, 2024 WL 1009548, at *3 (E.D. Okla. Feb. 16, 2024), report and recommendation adopted, No. CIV-23-351-RAW-GLJ, 2024 WL 1178487 (E.D. Okla. Mar. 19, 2024) (quoting *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999)). "This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Id*. (quoting *Rotan v. Farmers Ins. Group of Cos*., 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269)). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate

protection.'" *Id*. If an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information. *Id.* (quoting *Rotan*, 83 P.3d at 895).

Several issues of fact exist here, including whether Plaintiffs clearly communicated to Defendant Orr that they wanted a replacement cost homeowners' policy and whether Plaintiff Mike Ballard told Defendant Orr that his roof was 11 years old or if Defendant Orr entered that information on his own. In considering fraudulent joinder, issues of fact must be resolved in favor of Plaintiffs. *Sooner Holdings*, 2022 WL 17831395 at *2. Because of this, construing all factual issues in Plaintiffs' favor, the Court cannot conclude that recovery from Defendant Orr is impossible as a matter of law. Defendant FICO has not proven that Plaintiffs' claims against Defendant Orr are "'so wholly insubstantial and frivolous that [they] may be disregarded for purposes of diversity jurisdiction.'" *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, *2 (10th Cir. April 14, 2000) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)). As Plaintiffs and Defendant Orr are both residents of Oklahoma, complete diversity is lacking and remand is required, and the Court need not reach a conclusion on the issue of fraudulent joinder as to Defendant FIE.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Dkt. No. 21] is GRANTED. This matter is REMANDED to the District Court of Tulsa County, Oklahoma.

Dated this 6 of March 2026.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

6